# Supreme Court of Florida

No. SC2023-0436

**IN RE: AMENDMENTS TO FLORIDA SMALL CLAIMS RULE 7.110 AND FORM 7.310.**

October 12, 2023

PER CURIAM.

The Florida Bar's Small Claims Rules Committee has filed a report proposing amendments to Florida Small Claims Rule 7.110 (Dismissal of Actions) and form 7.310 (Caption).[1] The proposed amendments were unanimously approved by the Committee, and The Florida Bar's Board of Governors recommends adoption of the proposed changes. The proposed amendments were published for comment by both the Committee and the Court. No comments were received in response to either publication.

Having considered the proposed amendments and the Committee's report, we adopt the amendments to the Florida Small

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

Claims Rules proposed by the Committee with a minor modification. Rule 7.110(c) is retitled "Counterclaim," and the rule is amended to clarify that a counterclaim filed by a defendant remains pending after a plaintiff voluntarily dismisses the original action unless the defendant agrees to its dismissal.

Accordingly, the Florida Small Claims Rules are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments become effective on January 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Small Claims Rules

Alison Verges Walters, Chair, Small Claims Rules Committee, Chicago, Illinois, Cristen H. Martinez, Past Chair, Small Claims Rules Committee, Lutz, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Smith, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 7.110.   DISMISSAL OF ACTIONS

### (a)   Voluntary Dismissal; Effect ~~Thereof.~~

(1)   *By Parties.* Except in actions where property has been seized or is in the custody of the court, an action may be dismissed by the plaintiff without order of court by:

(A)   ~~by~~ the plaintiff informing the defendant and clerk of the dismissal before the trial date fixed in the notice to appear, or before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision~~,~~; or

(B)   ~~by~~ filing a stipulation of dismissal signed by all parties who have appeared in the action.

~~Unless otherwise stated, the~~The dismissal is without prejudice unless otherwise stated~~, except that a~~. A dismissal operates as an adjudication on the merits when a plaintiff has ~~once~~ dismissed ~~in any court~~ an action based on or including the same claim in any court.

(2)   *By Order of the Court~~; If Counterclaim~~.* Except as provided in ~~subdivision (a)(1) of~~ this rule, an action ~~shall~~must not be dismissed ~~at a party's instance~~ except ~~up~~on order of the court ~~and on such~~with terms and conditions as the court ~~deems~~finds proper. ~~If a counterclaim has been made by the defendant before the plaintiff dismisses voluntarily, the action shall not be dismissed against the defendant's objections unless the counterclaim can remain pending for independent adjudication. Unless otherwise specified in the order, a~~A dismissal under this subdivision is without prejudice unless otherwise specified in the order.

**(b)    Involuntary Dismissal.** Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action has completed the presentation of evidence, any other party may move for a dismissal on the ground that ~~upon~~ the facts and the law the party seeking affirmative relief has shown no right to relief without waiving the right to offer evidence in the event the motion is not granted. The court may then determine ~~them~~ and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court ~~in its order for dismissal~~ otherwise specifies <u>in its order for dismissal</u>, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.

**(c)    ~~Dismissal of~~ Counterclaim.** <u>If a counterclaim has been filed by the defendant before the plaintiff voluntarily dismisses the original action, the defendant's counterclaim remains pending unless the defendant agrees to its dismissal.</u> The provisions of this rule apply to the dismissal of any counterclaim.

**(d)    Costs.** Costs <u>must be assessed and judgment for costs entered</u> in any action dismissed under this rule ~~shall be assessed and judgment for costs entered in that action~~. If a party who has ~~once~~ dismissed a claim in any court of this state commences an action based on or including the same claim against the same adverse party, the court ~~shall make such~~<u>must</u> order for the payment of costs of the claim previously dismissed <u>in an amount</u> ~~as it may deem~~<u>found</u> proper and ~~shall~~ stay the proceedings in the action until the party seeking affirmative relief has complied with the order.

**(e)  Failure to Prosecute.** ~~All actions in which it affirmatively appears that~~

(1)  If it appears on the face of the record that no ~~action~~activity has been taken by filing of pleadings, order of court, or otherwise for a period of 6 months, the action ~~shall~~must be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not~~,~~.

(2)  Prior to any action being dismissed for failure to prosecute, ~~after~~ 30 days' notice must be provided to the parties~~,~~ ~~unless~~.

(3)  An action cannot be dismissed for failure to prosecute if:

(A)  a stipulation staying the action has been filed with the court~~, or~~;

(B)  a stay order has been filed~~,~~; or

(C)  a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.

## Committee Notes
[No Change]

# FORM 7.310.  CAPTION

(name of court)In the County Court
for .......... County, Florida
Case Number: _____

A. B.,Name,          )

                  )

      Plaintiff,    )

                  )

vs v.             )————— No. _____

                  )

C.D.,Name,         )

                  )

      Defendant.  )

           (designation of pleading)